The Honorable Bob Johnson Speaker of the House of Representatives State Capitol, Room 350 Little Rock, AR 72201-1089
Dear Speaker Johnson:
I am writing in response to your request for my opinion on the following questions:
1. Can a felon register to vote?
 2. What does discharged mean for a felon's record in order for that person to be able to register to vote?
 3. What documentation is required to be furnished to the County Clerk regarding the discharge in order for a felon to be able to register to vote?
RESPONSE
The answer to your first question is "yes," so long as the felon has either discharged his sentence or been pardoned. The answer to your second question is contained in the attached Ark. Op. Att'y Gen. No.90-022. With respect to your third question, I believe it is within the discretion of the State Board of Election Commissioners to promulgate whatever reasonable documentation requirement might confirm the fact of a felon's renewed eligibility to vote.
Question 1: Can a felon register to vote?
Subsection 11(a)(4) of Ark. Const. amend. 51 requires the permanent registrar to cancel the registration of all voters "[w]ho have been convicted of felonies and have not discharged their sentence or been pardoned." Subsection 9(a)(3) provides that a person whose registration has been previously cancelled may re-register upon again becoming qualified. Implicit in these provisions is an acknowledgment that a felon may register to vote once his sentence has been discharged or he has been pardoned.
Question 2: What does "discharged" mean for a felon's record in order forthat person to be able to register to vote?
The meaning of the term "discharged" as used in Ark. Const. amend. 51, § 11(a)(4) is set forth in the attached Ark. Op. Att'y Gen. Nos. 87-129 and 90-022. As discussed in these opinions, the term refers to a felon who is no longer in the custody of the Arkansas Department of Corrections, meaning that he has completed his sentence and parole and been released from the supervision of prison authorities and parole officers. I agree with the view stated in Opinion 90-022 that "discharge" renders a felon eligible to vote even if he has not been pardoned.
Question 3: What documentation is required to be furnished to the CountyClerk regarding the discharge in order for a felon to be able to registerto vote?
Amendment 51 contains no directive that any particular type of documentation be produced to enable a felon to register to vote. As noted above, subsection 9(a)(3) provides that any currently qualified voter may register even though his registration has been previously cancelled. Subsections 6(a)(2), 6(b)(1)(F) through — (G) and 6(b)(2) provide that each applicant must attest, subject to the disclosed penalty of perjury, that he meets all eligibility requirements. The legislature may have considered these admonitory provisions a sufficient disincentive to lie about one's status as a felon.
However, I believe a reasonable, uniform documentation requirement might be imposed by the State Board of Election Commissioners pursuant to the following provisions of Ark. Const. amend. 51, § 5:
 (e) The State Board of Election Commissioners is authorized and, as soon as is possible after the effective date of this amendment, directed to prescribe, adopt, publish and distribute:
 (1) Such rules and regulations supplementary to this amendment and consistent with this amendment and other laws of Arkansas as are necessary to secure uniform and efficient procedures in the administration of this amendment throughout the state. . . .
In support of your request, Conway County Clerk Beverly Paladino outlined various difficulties she has encountered in attempting to determine whether felons had been discharged and were eligible to vote. She inquires whether a parole discharge letter from a probation/parole officer suffices to establish a discharge. She also asks whether a person who has completed supervised probation but been unable to obtain a discharge letter is entitled to register. In my opinion, such practical question should be addressed to the State Board of Election Commissioners, which is constitutionally charged with addressing and resolving precisely such problems. I am neither authorized nor able to formulate such procedures myself. I can only opine that a felon who is "discharged" under the above definition is entitled to register. In my estimation, any qualification of that right by requiring proof of discharge or pardon should be reasonable, should issue from the State Board of Election Commissioners, and should be applied uniformly throughout the state.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
Enclosures